**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ________________

STRADA U.S. PROFESSIONAL
SERVICES, LLC,

Plaintiff,

v.

CITY OF AURORA, COLORADO

Defendant.

---

**COMPLAINT**

---

Plaintiff Strada U.S. Professional Services, LLC ("Strada" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant City of Aurora, Colorado (the "City" or "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Strada U.S. Professional Services, LLC is a global provider of human resources services, including end-to-end payroll solutions. It is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 9709 Lakeside Blvd, Suite 575, The Woodlands, Texas 77381. Its sole member is Axiom U.S. Professional Services Parent, LLC, also a limited liability company organized under the laws of the State of Delaware. Its sole member is Axiom Buyer, LLC, also a limited liability company organized under the laws of the State of Delaware. There are several additional entities in the ownership structure, but none of these are citizens of the State of Colorado for purposes of diversity jurisdiction.

2. Defendant City of Aurora, Colorado is a municipal corporation located in Arapahoe, Adams, and Douglas Counties, Colorado, with its principal offices at 15151 East Alameda Parkway, Aurora, Colorado 80012.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Additionally, pursuant to Section 13.J of the Agreement (defined below), the parties irrevocably agreed that any action arising from or relating to the Agreement shall be brought exclusively in the federal courts located in Denver, Colorado.

5. The parties have expressly waived their right to a trial by jury pursuant to Section 13.J of the Agreement.

## FACTUAL BACKGROUND

### The Agreement

6. On January 5, 2024, Defendant City of Aurora entered into a Professional Services Agreement (the “Agreement”) with Alight Solutions LLC (“Alight”) for Workday Enterprise Resource Planning (“ERP”) solution implementation services.

7. The Agreement established a fixed-fee, milestone-based payment structure with total compensation of $2,057,712, with six defined milestones and deliverables set forth in the Deliverable Expectations Document (“DED”), which was included as Exhibit A to the Agreement.

8. Pursuant to Section 8.C of the Agreement, Alight was permitted to assign the Agreement to any affiliate or to any person in connection with any sale or other transfer of all or substantially all of the business or assets of Alight without obtaining the City's prior written consent.

9. Alight assigned the Subscription and Services Agreement ("SSA") and Statement of Work ("SOW") to Axiom U.S. Payroll, LLC in connection with Alight's sale of its payroll division in July of 2024 (the "Assignment"). Following this assignment, Axiom U.S. Payroll, LLC sold all or substantially all of its assets, including the SSA and SOW, to Axiom Buyer, LLC, of which Plaintiff Strada is an affiliate and wholly-owned subsidiary.

10. Alight validly assigned its rights and obligations under the Agreement to Strada, and Strada became the successor-in-interest to Alight under the Agreement.

11. After Strada became the successor-in-interest to Alight under the Agreement, the Parties agreed to Change Order #001 (Milestone Realignment), Change Order #002 (Go Live Extension), Change Order #003 (Milestone Realignment), and Change Order #004 (Milestone Realignment) to the Statement of Work #1.

12. The Agreement is governed by the laws of the State of Colorado pursuant to Section 13.J.

**Strada's Performance**

13. Strada performed all of its material obligations under the Agreement and delivered the services required thereunder.

14. Strada successfully completed the go-live of the Workday ERP system on July 1, 2025, deploying the system to the City's production environment.

15. The Deploy Complete milestone deliverables, as defined in the DED, include: Build Gold Tenant, Perform Production Migration, Provide Cutover Support, and Perform Integration Migration to Production Tenant. Strada completed all of these deliverables.

16. Following go-live, Strada continued performing post-deployment services, including resolution of outstanding issues, in accordance with the Agreement.

**The City's Termination for Convenience**

17. On September 8, 2025, the City issued a termination for convenience notice pursuant to Section 9.B of the Agreement, with an effective termination date of November 7, 2025.

18. At the time of termination, only three minor "bugs" remained outstanding, which Strada was in the process of correcting.

19. The City's termination prevented Strada from correcting the remaining minor bugs.

**The City's Payment Obligations Under the Agreement**

20. Section 9.B.1 of the Agreement provides: "The City may terminate this Agreement at any time upon sixty (60) days notice specifying the date thereof, provided Consultant shall be compensated in accordance with this Agreement for all work performed up to the effective date of termination."

21. Section 9.B.3 of the Agreement further provides: "Consultant shall be entitled to reasonable incurred costs for terminating its activities under this Agreement."

22. Pursuant to these provisions, the City is obligated to pay Strada for all work performed up to the effective date of termination, November 7, 2025.

**Amounts Owed**

23. Following termination, Strada submitted final invoices to the City in the total amount of $269,985.61. The amounts owed are comprised of:

(a) $149,622.03 for the Deploy Complete milestone;

(b) $37,820.00 for the Change Order #002 Deploy Complete adjustment; and

(c) $82,543.58 for the Post Deployment Complete milestone (voluntarily reduced from $92,743.58 by $10,200 to account for approximately 60 hours of estimated work on 3 outstanding bugs that remained at the time of termination).

24. Despite proper demand, the City has refused to pay any portion of the $269,985.61 owed to Strada.

**Pre-Suit Dispute Resolution**

25. Section 13.G of the Agreement requires that, in the event of any dispute arising from or related to the Agreement, the parties shall for a period of at least 30 days attempt in good faith to negotiate a resolution.

26. Strada has satisfied the pre-suit dispute resolution requirements of Section 13.G. This dispute has been ongoing since October 2025; the parties have exchanged multiple rounds of correspondence, including demand letters dated January 15, 2026,

March 2, 2026, and June 30, 2026, and the City has refused payment on multiple occasions without meaningful engagement on the merits.

**COUNT I**
**BREACH OF CONTRACT**

27. Strada incorporates by reference the allegations set forth in paragraphs 1 through 26 above as if fully set forth herein.

28. The Agreement constitutes a valid and enforceable contract between Strada, as assignee of Alight, and the City.

29. Strada performed all of its material obligations under the Agreement.

30. Pursuant to Section 9.B of the Agreement, upon termination for convenience, the City is obligated to compensate Strada for all work performed up to the effective date of termination.

31. The City has breached the Agreement by failing and refusing to pay Strada the $269,985.61 owed for work performed prior to the effective date of termination.

32. As a direct and proximate result of the City's breach, Strada has suffered damages in the amount of $269,985.61, plus interest, costs, and attorneys' fees.

**COUNT II**
**UNJUST ENRICHMENT (In the Alternative)**

33. As an alternative to Count I, and only in the event the Agreement is found to be unenforceable or inapplicable, Strada alleges as follows:

34. Strada incorporates by reference the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

35. Strada conferred a benefit upon the City by providing valuable professional services, including Workday ERP implementation services, go-live deployment, and post-deployment support.

36. The City received and accepted the benefit of Strada's services. The Workday ERP system was deployed to the City's production environment on July 1, 2025, and the City has continued to use and benefit from the system.

37. The City appreciated or had knowledge of the benefit conferred by Strada.

38. The City has retained the benefit of Strada's services at Strada's expense. Under the circumstances, it would be unjust for the City to retain the benefit of Strada's services without compensating Strada for the reasonable value of those services.

39. The reasonable value of the services Strada provided to the City and for which the City has not paid is $269,985.61.

40. As a result of the City's unjust enrichment, Strada has been damaged in an amount equal to the reasonable value of its services, which is $269,985.61, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Strada U.S. Professional Services, LLC respectfully requests that this Court enter judgment in its favor and against Defendant City of Aurora, Colorado, and award Plaintiff the following relief:

A. Compensatory damages in the amount of $269,985.61;

B. In the alternative, restitution in the amount of $269,985.61 for the reasonable value of services provided;

C. Pre-judgment and post-judgment interest at the maximum rate allowed by

law;

D. Costs of suit incurred herein;

E. Attorneys' fees as permitted by law or contract; and

F. Such other and further relief as the Court deems just and proper.

DATED: September 9, 2026.

*s/ Tyler J. Owen*
Tyler J. Owen
Sarah Motley Stone (*Admission Forthcoming*)
WOMBLE BOND DICKINSON (US) LLP
1601 19th Street, Suite 1000
Denver, CO 80202
Phone: 303-623-9000
Fax: 303-629-9222
Email: tyler.owen@wbd-us.com
sarah.stone@wbd-us.com

*Attorneys for Plaintiff*

<u>Plaintiff's Address</u>
9709 Lakeside Blvd, Suite 575
The Woodlands, Texas 77381